Dear Ms. Lasseigne:
This office is in receipt of your recent opinion request wherein you presented questions relative to whether you, as an elected official of the Lafourche Parish School Board, may seek election to either the Lafourche Parish Executive Committee, the Louisiana State Central Committee, or both, each of which will be on the ballot in January. If the answer to the foregoing question is no, your alternative inquiry is whether you may be appointed to either or both of the positions should no one qualify for either seat.
As you are aware, school boards are considered political subdivisions of the state, and members of school boards are elected officials.LSA-R.S. 42:62(9). As such, there are prohibitions found within the state's Dual Officeholding and Dual Employment Law, (LSA-R.S. 42:61 et.seq.) which may prohibit elected officials from holding dual offices.
Within those prohibitions, LSA-R.S. 42:63(D) provides, in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time employment in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office .
Moreover, LSA-R.S. 42:62(1) defines "Elective office" as any position which is established or authorized by the constitution or laws of this state which is not a political party office. This office observed in La.Atty. Gen. Op. No. 00-243 that the court in Louisiana Republican Partyv. Foster, 674 So.2d 225 (La. 1996) held that a person elected to a state central committee of a recognized political party is not a "public officer" of the state susceptible to the above prohibition. Thus, this prohibition does not apply to your situation as the positions you inquire about are political party offices and are excluded from the Louisiana Dual Officeholding and Dual Employment laws of our state. La. Atty.Gen. Op. No. 91-12.
In answer to your second inquiry, we enclose La. Atty. Gen. Op.No. 87-703, where this office opines that it is legal for a person to be both a candidate for a party parish executive committee post and also be a candidate for membership on a political party state central committee. Moreover, LSA-R.S. 18:453 provides as follows:
 A person may become a candidate in a primary or general election for membership on more than one
committee of a political party, but a person may only become a candidate for one position either at-large or from a political subdivision, on the same committee of a political party. (Emphasis Added)
In summation, the dual officeholding laws do not prohibit you, an elected school board member from seeking employment with either of the political party committees or both simultaneously. I trust that this adequately responds to your inquiry.
Should you have any further questions, please do not hesitate to contact this office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ CHARLENE PATTERSON Assistant Attorney General